EMULUS A. HILLS petitioner, *vs.* CARRIE E. HILLS.

Waldo. Opinion December 2, 1884.

*Divorce. Practice. Alimony. Lien.*

A petition by a libelee, not based upon newly discovered evidence or other statutory cause for review, which asks that a new trial be granted in a divorce case, once fully heard, because the testimony adduced by the libelant was false and the decision a wrong one, cannot be sustained.

Real estate cannot be sequestrated for the purpose of securing the payment of ·alimony or allowances, so as to establish a lien thereon, unless it be described by some definite terms that will give identification.

ON EXCEPTIONS to the ruling of the court in dismissing the petition on motion of the defendant.

The opinion states the case and material facts.

*Jewett and Brown,* for the plaintiff.

*William H. Fogler,* for the defendant.

PETERS, C. J. The parties to this petition were husband and wife. Upon her divorce from him, an allowance was granted for her support, and it was decreed that she should have the custody of their four children. The divorce was granted to her after a full hearing of the parties upon all the causes alleged. The present petition by the husband, asserts that all the allegations in the original bill were untrue. The husband "informs the court that the aforesaid libel is a tissue of fraudulent and false representations, and that not a single material allegation in said libel is true;" and, on that account, he asks that the case may be opened for a new trial. Some other immaterial matters are added by the petitioner which cannot affect the question before us.

The motion is not for a new trial for newly discovered evidence, but it asks to have the case tried again upon the same grounds as before, and perhaps upon the same evidence. It amounts to an appeal from one term of court to another term, or from one judge to another. One judge heard the case fully and decided it, and the petition asks that another judge may rehear the case and reverse the decision. And there would be the same propriety in repeating the process of petitioning for a new trial as constantly as refused. The petitioner asserts that the former was a wrong and that he wants a right decision. Such a demand is not based upon any statutory provision, and we know of no course of procedure allowing it.

The cases cited by the counsel for the petitioner do not apply. *Holmes* v. *Holmes*, 63 Maine, 420, and *Lord* v. *Lord*, 66 Maine, 265, were cases in which the court recognized the existence of a right, not to grant a new trial, but to wholly annul a decree for a fraud practiced upon the court in obtaining a jurisdiction for divorce. *Edson* v. *Edson*, 108 Mass. 590 was a case of the same kind. In those cases the question was whether certain proceedings of divorce were nullities or not.

We do not reject that portion of the petition which asks for a reduction of the alimony and a reversal of the decree of custody. Those are revisable matters. The ruling below had no relation to them. The petition may stand for those purposes, if desired.

In the decree passed in the original proceeding, it was ordered that the libelee's real estate be sequestrated for the purpose of securing payment of the allowances granted, unless otherwise secured, and a question was presented to us whether that had any binding effect without more particular and definite form.    It did not create a lien.    It was a notice of something to be done if circumstances required.    The statute provides that the estate shall be "set out to her for life," upon which the lien shall fasten. The estate set out must be described in some terms that will give identification.    *Sansom* v. *Sansom*, 4 Pro. & Div. 162 (32 Eng. Rep. Moak's) ; 2 Bish. Mar. & Div. § 498.

*Exceptions overruled.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.